UNITED STATES of America, Appellee,

v.

Michael O. MYERS, Angelo J. Errichetti, Louis C. Johanson, and Howard L. Criden, Defendants-Appellants.

No. 251, Docket 82–1172.

United States Court of Appeals, Second Circuit.

Argued Oct. 7, 1982.

Decided Oct. 29, 1982.

Henry F. Furst, Newark, N.J. (Brown, Brown & Furst, Newark, N.J., John J. Duffy, Neil Jokelson, Jokelson & Rosen, Philadelphia, Pa., Richard Ben-Veniste, Ben-Veniste & Shernoff, Washington, D.C., on brief), for defendants-appellants.

Lawrence H. Sharf, Sp. Atty., Brooklyn, N.Y. (Edward R. Korman, U.S. Atty., Edward A. McDonald, Atty.-in-Charge, Organized Crime Strike Force, Brooklyn, N.Y., on brief), for appellee.

Before FRIENDLY, NEWMAN and KEARSE, Circuit Judges.

PER CURIAM:

Michael O. Myers, Angelo J. Errichetti, Louis C. Johanson, and Howard L. Criden appeal from a May 3, 1982, order of the District Court for the Eastern District of New York (George C. Pratt, Judge) denying their motion, pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, to extend the time for filing a notice of appeal from the District Court's March 25, 1982, order, 534 F.Supp. 753, denying their motion for a new trial.

Appellants were convicted of various offenses arising out of the Abscam investigation. See United States v. Myers, 692 F.2d 823 (2d Cir.1982). After filing notices of appeal from their judgments of conviction, appellants moved in the District Court for a new trial on grounds of newly discovered evidence, which was alleged to impeach the testimony of Melvin Weinberg, a Government witness. Judge Pratt denied the motion in an order dated March 24 and filed March 25. Under Rule 4(b), notice of appeal from the denial of the new trial motion was required to be filed within ten days of entry of the District Court's order. Since the tenth day, April 4, was a Sunday, the last day for filing a timely notice of appeal was April 5. See Fed.R.App.P. 26(a).

On March 30 appellants filed in this Court a motion to adjourn the argument of the appeal from their judgments of conviction. That argument was scheduled for April 5. Appellants urged that adjournment would enable them to "appeal, brief and consolidate for argument" the denial of the new trial motion with the main appeal. Later on March 30, the Government responded to appellants' request for an adjournment of the April 5 argument. The Government's papers explicitly pointed out that "defendants have not yet filed a notice of appeal" from the denial of the new trial motion. The Government suggested that if a notice of appeal were filed, consolidation would be appropriate; argument could be held on April 5 on both the main appeal and the appeal from denial of the new trial motion, and supplemental briefs could later be filed on the new trial ruling. This Court denied the motion to adjourn the argument of the main appeal. Notice of appeal from the denial of the new trial motion was not filed by April 5; a notice was filed on April 8.

Also on April 8, defendants filed in the District Court a motion to extend the time to file the notice of appeal from the new trial ruling, accompanied by an affidavit of Henry F. Furst, Errichetti's counsel, who was acting for all defendants in connection with the filing of the notice of appeal. The only attempt to satisfy the "excusable neglect" standard of Rule 4(b) was the following: "However, in preparation for the oral argument of U.S. v. Meyers [sic] which was held on April 5, 1982, I neglected to file this appeal in a timely fashion." On April 28, Judge Pratt denied the motion for extension of time; that ruling was filed May 3 and is the basis for this appeal. Judge Pratt concluded that defendants had not sustained their burden of establishing excusable neglect. On May 6, Judge Pratt heard a request for reconsideration and denied it the same day, observing, "There does seem to be some potential element of tactical manipulation." This referred to the Government's contention that appellants had delayed filing their notice of appeal from the new trial motion in an attempt to aid their request to have the argument of the main appeal adjourned and consolidated at some later time with their appeal from the new trial ruling.

On the Government's motion, this Court dismissed the untimely appeal from the denial of the new trial motion. No. 82–1122 (2d Cir. May 25, 1982).

■ A district court's decision denying an extension of time to file a notice of appeal cannot be reversed unless the court abused its discretion in concluding that excusable neglect has not been shown. *See Buckley v. United States,* 382 F.2d 611 (10th Cir.1967), *cert. denied,* 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968); *Lowry v. Long Island R.R.,* 370 F.2d 911 (2d Cir.1966); *Nichols-Morris Corp. v. Morris,* 272 F.2d 586 (2d Cir.1959). No abuse of discretion is remotely shown here. Appellants have made no showing of excusable neglect. If the Furst affidavit is read to imply that preoccupation with oral argument of the main appeal was the reason for the late filing of the notice of appeal from the new trial ruling, that claim is undermined by the appellants' explicit consideration of the new trial ruling in their efforts to persuade this Court to postpone the oral argument of the main appeal. Moreover, the Government's March 30 letter alerted appellants to the need for a timely notice of appeal at a time when the ten-day period had not run. Indeed, there was time to file a timely notice of appeal after oral argument of the main appeal was concluded early in the afternoon of April 5.

■ We have no authority to enlarge the time for filing a notice of appeal, Fed.R. App.P. 26(b); *see Stirling v. Chemical Bank,* 511 F.2d 1030, 1032 (2d Cir.1975), and no grounds have been presented on which we could disturb the District Court's decision declining use of its authority to extend the deadline.

The May 3, 1982, ruling of the District Court is affirmed.