**UNITED STATES of America**

v.

**Oswald O'Brien CLAVIS, et al.**

**Crim. A. No. CR–89–23A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 29, 1990.

Allen Moye, Asst. U.S. Atty., Atlanta, Ga., for U.S.

Alan J. Baverman, Atlanta, Ga., for Oswald O'Brien Clavis, et al.

O'KELLEY, Chief Judge.

On November 21, 1989, during the sentencing phase of the captioned case, counsel for the United States argued that under 21 U.S.C. § 845a(a) the court was required to "double" the mandatory minimum sentence otherwise prescribed by 21 U.S.C. § 841(b)(1)(A). After careful consideration, the court rejected counsel's argument and found that such a requirement is not mandated by the language of section 845a. As this determination was one of first impression by this court, the opinion below sets forth the court's reasoning in reaching its decision.

## OPINION

In this case, six defendants were tried together and convicted of various drug-related charges. Most notably, for purposes of this decision, some of the defendants were convicted of violating the so-called "schoolyard" statute, 21 U.S.C. § 845a, which provides for the enhancement of convicted defendants' sentences. The relevant portion of this section provides that:

Any person who violates section 841(a)(1) or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or within 100 feet of a playground, public or private youth center, public swimming pool, or video arcade facility, is ... punishable (1) by a term of imprisonment, or fine, or both *up to* twice that authorized by section 841(b) of this title; and (2) *at least* twice any term of supervised release au-

thorized by section 841(b) of this title for a first offense....

21 U.S.C. § 845a(a) (emphasis added).

Counsel for the United States argued during sentencing that this provision calls for a "doubling" of the mandatory minimum term of imprisonment found in 21 U.S.C. § 841(b)(1)(A).[1] Counsel could not provide the court with any case law from this circuit to support his argument and, indeed there appears to be none. His argument, for the most part, hinges upon what he expressed to be a clear intent by Congress to double the penalties of sections 841(b) and 856.

It is clear to the court that by enacting section 845a, Congress intended to send a very strong message to drug dealers. As one court noted, the statute was "[d]esigned to 'send a signal to drug dealers that we will not tolerate their presence near our schools.'" *United States v. Falu,* 776 F.2d 46, 48 (2d Cir.1985) (quoting 130 Cong.Rec. S559 (daily ed. Jan. 31, 1984) (statement of Senator Hawkins)); *see also United States v. Agilar,* 779 F.2d 123 (2d Cir.1985) ("Congress wanted to lessen the risk that drugs would be readily available to school children." *Id.* at 125); *United States v. Jones,* 779 F.2d 121, 122 (2d Cir. 1985); *United States v. Nieves,* 608 F.Supp. 1147 (S.D.N.Y.1985); *United States v. Holland,* 810 F.2d 1215, 1219 (D.C.Cir.1987). Clearly, through its enactment of section 845a, Congress desired the imposition of more stringent penalties as a means of deterrence; however, neither the case law nor the legislative history supports counsel's position that Congress specifically intended that the mandatory minimum prison term be doubled.

Indeed, the language of section 845a is very clear—courts may impose "a term of imprisonment, or fine, or both *up to* twice that authorized by section 841(b)...." 21 U.S.C. § 845a(a) (emphasis added). The court interprets this to mean that it must impose at least the minimum required under section 841(b), but it has the option of

---

**1.** For the type of violations committed in this case, the mandatory minimum term of imprisonment is ten years ("[S]uch person[s] shall be

sentenced to a term of imprisonment which may not be less than 10 years or more than life....").

imposing "up to" a maximum of twice the penalty authorized by that section. If Congress had intended a mandatory doubling, it surely would have stated that a court must impose "at least" twice the authorized penalty, as it did in the second portion of section 845a(a).[2]

Accordingly, given the absence of any legislative history or case law to the contrary, this court concludes that through its enactment of section 845a(a), Congress did not intend to require a "doubling" of the mandatory minimum prison term authorized by section 841(b).

IT IS SO ORDERED.

---

**2.** That portion of section 845a(a) provides that a court must impose "at least twice any term of supervised release authorized by section 841(b)...." 21 U.S.C. § 845a(a).