**UNITED STATES of America**

v.

**Carlos FERNANDEZ.**

**Crim. A. No. 89–234–33.**

United States District Court, E.D. Pennsylvania.

Oct. 12, 1990.

Robert K. Reed, Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Jerry S. Goldman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the court is defendant Carlos Fernandez's ("Fernandez") motion to determine that 21 U.S.C. § 845a(a) does not mandate, in and of itself, the imposition of imprisonment for a first offender and the government's response. For the following reasons, the defendant's motion is GRANTED.

## FACTS

Fernandez was indicted in this case on June 14, 1989 for his alleged involvement in the Gray–Tape Organization, a cocaine-distribution organization operating in North Philadelphia. Specifically, Fernandez was charged (count one) with conspiracy to distribute cocaine, 21 U.S.C. § 846, (count

twenty-two) distribution of cocaine, 21 U.S.C. § 841(a)(1), and (count twenty-three) distribution of cocaine within 1,000 feet of a school in violation of 21 U.S.C. § 845a. Fernandez was arraigned on December 18, 1989.

On March 29, 1990, Fernandez entered a plea of guilty to count twenty-three of the indictment. Pursuant to the plea agreement executed by Fernandez and his counsel, Fernandez stipulated that the Gray–Tape Organization sold in excess of 50 kilograms of cocaine between 1988 and 1989 and further stipulated that his sentencing shall be calculable on the basis of that quantity in accordance with 1B1.2 of the Federal Sentencing Guidelines. The government reserved discretion to recommend whatever sentence it deemed appropriate. The plea agreement sets forth the maximum penalty for a violation of 21 U.S.C. § 845a as: 40 years imprisonment (a mandatory minimum sentence of one year imprisonment), a $2,000,000 fine and a $50 special assessment.

## DISCUSSION

The government contends that entry of the guilty plea to count twenty-three re-

quires the imposition of a mandatory one year prison sentence. Fernandez challenges the government's position on the grounds that 21 U.S.C. § 845a(a) does not, in and of itself, mandate a term of imprisonment for a first offender.

21 U.S.C. § 854a(a), the so called "school house" provision of the Comprehensive Abuse Prevention and Control Act, sets forth the penalties for persons who distribute controlled substances within one thousand feet from a school. The section provides, in pertinent part, that:

> Any person who violates section 841(a)(1) [1] or section 856 [2] of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college or university ... is (except as provided in subsection b of this section) [3] punishable (1) by a term of imprisonment, or fine, or both up to twice that authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a

---

**1.** Section 841(a) provides:

> Except as authorized by this subchapter, it shall be unlawful for any persons knowingly or intentionally—
> (1) to manufacture, distribute, or dispense, or possesses with intent to manufacture, distribute or dispense, a controlled substance; or
> (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.
> 21 U.S.C. § 841(a) (1981).

**2.** Section 856 provides:

> (a) Except as authorized by this title, it shall be unlawful to—
> (1) knowingly open or maintain any place for the purpose of manufacturing, distributing, or using any controlled substance;
> (2) manage or control any building, room, or enclosure, either as an owner, lessee, agent, employee, or mortgagee, and knowingly and intentionally rent, lease, or make available for use, with or without compensation, the building, room, or enclosure for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

(b) Any person who violates subsection (a) of this section shall be sentenced to a term of imprisonment of not more than 20 years or a fine of not more than $500,000 or both, or fine of $2,000,000 for a person other than an individual.
21 U.S.C. § 856 (Supp.1990).

**3.** Subsection (b) applies to persons previously convicted under subsection (a) of 21 U.S.C. § 845a. A second offender is punishable by the greater of:

> (A) a term of imprisonment of not less than three years and not more than life imprisonment; or
> (B) a term of imprisonment of up to three times that authorized by section 841(b) of this title for a first offense, or a fine up to three times that authorized by section 841(b) of this title for a first offense, or both, and (2) at least three times any term of supervised release authorized by section 841(b) of this title for a first offense. Penalties for third and subsequent convictions shall be governed by section 401(b)(1)(A).
> 21 U.S.C. § 845a(b) (Supp.1990).

first offense. Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a term of imprisonment under this subsection shall not be less than one year.

21 U.S.C. § 845a(a) (Supp.1990).

As set forth above, section 845a(a) provides for a penalty of twice that which may be imposed under section 841(b). Section 841(b)(1)(C) provides, in pertinent part, that:

> In the case of a controlled substance in schedule I and II [1] except as provided in subparagraphs (A), (B) and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years ... a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $1,000,000, if the defendant is an individual ... or both.[5]

21 U.S.C. § 841(b)(1)(C) (Supp.1990). Thus, in accordance with the "school house" provision, the maximum penalty for a first time offender is a term of imprisonment not to exceed forty years, or a fine not to exceed $2,000,000 or both.

Sections 845a(a) and 841(b)(1)(C), when read together, impose a maximum term of imprisonment for violating the "school house" provision: forty years. Although section 845a(a) states that where a greater minimum sentence is otherwise provided by section 841(b) a term of imprisonment shall not be less than one year, section 845a(a) does not specify whether a minimum term of incarceration is mandated in the first instance.

### A. *Plain Meaning*

 Interpretation of a statute must begin with the statute's language. *Mallard v. United States Court for the Southern District of Iowa,* 490 U.S. 296, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989); *Barnes v. Cohen,* 749 F.2d 1009, 1013 (3d Cir.1984), *cert. denied sub. nom., Cohen v.*

*Betson,* 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985). Criminal statutes in particular must be strictly construed. *United States v. Allen,* 566 F.2d 1193, 1195 (3d Cir.), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1977); *United States v. Edwards,* 455 F.Supp. 1354, 1356 (M.D.Pa.1978) (citing *Rewis v. United States,* 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971) and *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). The penalty for violating section 845a(a) is plainly stated: "by a term of imprisonment, or fine, or both up to twice that unauthorized by section 841(b)." 21 U.S.C. § 845a(a) (1990). The clear import of these words indicate that the statute provides for all alternative penalties thereby granting the sentencing court the option of imposing jail time, a fine or both. Further, the fact that alternative penalties were intended is revealed by the use of the disjunctive "or" followed by commas. *See Knutzen v. Eben Ezer Lutheran Hous. Center,* 815 F.2d 1343, 1349 (10th Cir.1987); *United States v. Garcia,* 718 F.2d 1528, 1532 (11th Cir.1983), *aff'd,* 469 U.S. 70, 105 S.Ct. 479, 83 L.Ed.2d 472 *reh'g denied,* 469 U.S. 1230, 105 S.Ct. 1235, 84 L.Ed.2d 371 (1985)). There is nothing in this language that implies that a term of imprisonment is mandatory let alone that it has to be at least one year.

██ The government cites cases where courts construing purportedly similar language in 21 U.S.C. § 841(b)(1)(B) have held that a mandatory term of imprisonment was required. That section sets forth penalties for distributing 500 grams or more of cocaine:

> such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall not be less than 20 years or more

---

4. Schedules I and II refer specifically to substances containing a detectable amount of coca leaves and cocaine. 21 U.S.C. § 841(b)(1)(A)(ii)(I) and (II) (Supp.1990).

5. This subparagraph also provides that, in the event a term of imprisonment is imposed upon a first time offender, that the offender must serve a term of supervised release of at least three years following the term of imprisonment. 21 U.S.C. § 841(b)(1)(C) (Supp.1990).

than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual or $5,000,000, if the defendant is other than an individual, or both.

21 U.S.C. § 841(b)(1)(B). The statute further provides:

Notwithstanding any other provision of the law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

*Id.*

The government's reliance upon this section is misplaced. First, section 841(b)(1)(B) states that the term of imprisonment shall be no less than five years. Clearly, a person sentenced to prison pursuant to this provision cannot be incarcerated for anything less than five years. Section 845a(a) does not contain such terms nor have language equivalent to the subparagraph precluding probation, parole and suspended sentences which strongly suggest that jail time is mandatory. Secondly, as discussed below, the cases cited by the government are inapposite.

In *United States v. Colon–Ortiz,* 866 F.2d 6 (1st Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989), the defendant contested the validity of section 841(b)(1)(B) contending that the statute provided for two inconsistent penalty schemes: one allowing for the imposition of a fine and the other providing for the imposition of a five year term of imprisonment. Although the court rejected the due process claim, the court agreed that [g]iven the "or both" language in the first sentence, the penalty would appear to allow a court to consider the imposition of a prison term or a fine to be alternatives. 866 F.2d at 9. The court held, however, that the concluding subparagraph and legislative history indicated that the statute

called for a mandatory term of imprisonment. *Id.* at 9–11. In conclusion, the court ruled to "disregard the 'or both' language." *Id.* at 11.

In *United States v. Musser,* 856 F.2d 1484 (11th Cir.1988), *cert. denied,* 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989), the court was presented with yet another constitutional challenge to 21 U.S.C. § 841(b)(1)(B). The appellants claimed that the statute was vague in that it allowed the district court to impose a term of imprisonment or a fine in lieu of imprisonment. The court held that "construing the subsection as a whole, it is clear that a mandatory term of imprisonment is required." 856 F.2d at 1486. The court concluded that lack of drafting precision did not render the statute unconstitutionally vague. *Id.*

Neither *Colon–Ortiz* or *Musser* are dispositive of the issue presented in this case. Both cases dealt with challenges to the constitutional validity of the statute for reasons unrelated to the question of whether minimum jail time was required. To the contrary, those cases concerned the narrow issue of whether the court could impose a term of imprisonment at all due to the use of the "or both" language in the statute.

Fernandez refers this Court to *United States v. Concepcion,* 721 F.Supp. 493 (S.D.N.Y.1989). In *Concepcion,* the court was called upon to reconsider the defendant's sentence in the wake of *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), wherein the Supreme Court rejected a constitutional challenge to the Sentencing Reform Act of 1984.[6] The defendant pled guilty to violating 21 U.S.C. § 845a(a). In assessing the appropriate sentence, the court visited the language of the "school house" provision. Construing the language of sections 845a(a) and 841(b)(1)(C) together, the court concluded that while neither provision required the imposition of a term of imprisonment, the court must impose a term of at least one year if the sentence includes in-

---

**6.** The defendant was initially sentenced under the Pre–Sentencing Reform Act provisions in view of *United States v. Alafriz,* 690 F.Supp. 1303 (S.D.N.Y.1988), in which the court held the Act to be unconstitutional.

carceration. 721 F.Supp. at 495. *Accord United States v. Rodriguez,* 724 F.Supp. 1118, 1119 (S.D.N.Y.1989). The *Concepcion* analysis bears directly on the issue present here and, in view of the plain language set forth in section 845a(a), is persuasive.

Nonetheless, the government maintains that *Concepcion* is unreliable because the court in that case failed to take into account the provision at the end of section 845a(a) which states:

> The mandatory minimum sentencing provisions of this paragraph shall not apply to the offenses involving 5 grams of marijuana.

21 U.S.C. § 845a(a) (Emphasis added). The government's contention is that this language is indicative of Congressional intent to impose a mandatory minimum term of imprisonment. Facially, this position has some appeal. This Court, however, interprets the "mandatory minimum sentencing" provision as referring to the requirement that the court impose a sentence of either a term of imprisonment, a fine or both. The Court does not agree that this language, expressly or impliedly, erects a requirement of a mandatory minimum prison term of no less than one year.

Moreover, the most obvious expression of legislative intent is in the words that Congress has actually used. *See Econdido Mut. Water Co. v. La Jolla Band of Mission Indians,* 466 U.S. 765, 772, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); *Barnes v. Cohen,* 749 F.2d at 1013. If Congress intended to impose a mandatory prison term of no less than one year for first offenders convicted of violating section 845a(a) it could have done so. Section 845a(a) was promulgated in 1984 and has since been amended. To date, Congress has not seen fit to impose such a requirement.

### B. *Legislative Intent*

■ Having concluded that the language of section 845a(a) is clear and that there is no requirement for a mandatory prison term of not less than one year, an inquiry

into the history of the statute for further clarification is unnecessary. *See Tennessee Valley Auth. v. Hill,* 437 U.S. 153, 184 n. 29, 98 S.Ct. 2279, 2296 n. 29, 57 L.Ed.2d 117 (1978); *Barnes v. Cohen,* 749 F.2d at 1013; *United States v. Garcia,* 718 F.2d at 1533; *Acme of Precision Surgical Co. v. Weinberger,* 580 F.Supp. 490, 501 (E.D.Pa. 1984). Nonetheless, because this case involves the interpretation of a federal criminal statute of which there appears to be some debate, the arguments advanced in reliance upon legislative history will be briefly addressed.

The government argues that to construe section 845a(a) as not requiring a mandatory minimum one year term of incarceration would frustrate Congressional intent. The government relies on 1986 amendments to the statute which added the following language:

> Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a term of imprisonment shall not be less than one year. The mandatory minimum sentencing provisions of this paragraph shall not apply to offenses involving 5 grams or less of marijuana.

Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, § 1104(a), 100 Stat. 3207–11 (1986) (codified as amended at 21 U.S.C. § 845a(a) (Supp.1990)). The court is not satisfied that these amendments mean anything more than what they say nor reveal legislative intent to impose a requirement that is entirely absent from the face of the statute.

Finally, the legislative history of section 845a(a) is completely devoid of any reference to mandatory minimum prison terms for first time offenders. A thorough search of the legislative record fails to reveal any sign that Congress contemplated such a requirement when the statute was considered or enacted. Therefore, the court is directed to read section 845a(a) in accordance with the conventional tenets of construction which provide that statutes generally should be interpreted in light of their plain meaning and that criminal statutes specifically must be strictly construed. Applying these principles, the court does

not find section 845a(a) to impose a mandatory jail term.

Although this Court concludes that the language of section 845a(a) does not mandate a prison term for first offenders, a period of incarceration may still be imposed.