UNITED STATES of America, Appellee,

v.

**Robert Ernest DETRICH, Ahmad Shah Nusraty, Mohammed Dawood Nusraty, Defendants,**

**Robert Ernest Detrich, Defendant–Appellant.**

No. 1768, Docket 91–1084.

United States Court of Appeals, Second Circuit.

Argued July 25, 1991.

Decided July 29, 1991.

John Rogers Carroll, Philadelphia, Pa., (Carroll & Carroll, of counsel), for defendant-appellant.

Jerome C. Roth, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Susan Corkery, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

John A. Paul, Harrisonburg, Va., for amicus curiae.

Before WINTER, ALTIMARI and MAHONEY, Circuit Judges.

WINTER, Circuit Judge:

This is an appeal from a denial of a *pro se* motion for a correction of sentence pur-

suant to former Fed.R.Crim.P. 35(a). A question exists as to the timeliness of this appeal. We do not address this question because we treat appellant's motion as having been brought under 28 U.S.C. § 2255. We reach the merits and affirm.

## BACKGROUND

Dr. Robert Ernest Detrich was convicted in the Eastern District of New York of importing over one-hundred grams of heroin into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(2)(A) (1988) and sentenced under 21 U.S.C. § 960(b)(2) (1988) to five years in prison. It is clear in the record that Judge Korman believed that the prison term was a mandatory minimum sentence over which he had no discretion. On April 9, 1990, appellant filed a *pro se* motion seeking a correction of his sentence under former Fed.R.Crim.P. 35(a). In an order dated September 26, 1990 and entered October 1, 1990, the district court denied appellant's motion. Appellant was imprisoned at the time and claims to have received no notice of that denial until December 6, 1990. Appellant also avers that on November 5, 1990, he inquired by letter to the district court about the status of his motion and stated his intention to appeal if it was denied. On December 12, 1990, appellant filed a notice of appeal of the denial of his Rule 35 motion.

## DISCUSSION

Fed.R.App.P. 4(b) requires that "[i]n a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after entry of ... the judgment or order appealed from." The rule also allows the district court, "[u]pon a showing of excusable neglect ... [to] extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

Appellant neither filed within the ten-day period nor explicitly requested that the district court grant a thirty-day extension. According to his affidavit, appellant sent a letter dated November 5, 1990 to the district court inquiring about the status of his motion and expressing an intent to appeal. This letter was sent after expiration of the ten-day period prescribed by Rule 4(b) for filing a notice of appeal. However, the letter was mailed within the additional thirty-day period during which the district court might have extended the time, had an express request been made.

The appeal may thus be untimely. Under Fed.R.App.P. 26, a court of appeals "may not enlarge the time for filing a notice of appeal." *See also United States v. Myers,* 692 F.2d 861, 863 (2d Cir.1982) ("We have no authority to enlarge the time for filing a notice of appeal."); *Stirling v. Chemical Bank,* 511 F.2d 1030, 1032 (2d Cir.1975) ("Appellant's plea for an extension of time *nunc pro tunc* ... is addressed to the wrong forum."), *overruled on other grounds by Campos v. LeFevre,* 825 F.2d 671 (2d Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 718, 98 L.Ed.2d 667 (1988).

Nonetheless, the pleadings of a *pro se* inmate are to be construed liberally. *United States v. Eatinger,* 902 F.2d 1383, 1385 (9th Cir.1990). We might, therefore, treat the November 5 letter as a request for an extension and remand the matter to the district court for a finding concerning excusable neglect. That step seems unnecessary, however, because appellant argues both that the statute does not provide for a mandatory minimum prison sentence and that, if it does, the provision violates due process because it gives insufficient notice of its terms. Given the due process claim, we can treat his application to the district court as a motion under 28 U.S.C. § 2255 (1988). *See United States v. Young,* 936 F.2d 1050 (9th Cir.1991) (treating Rule 35 motion, otherwise untenable, as one brought under 28 U.S.C. § 2255; *see also United States v. Coke,* 404 F.2d 836, 847 (2d Cir.1968) (construing Section 2255 proceeding as one for correction of sentence under old Fed.R.Crim.P. 35) (Friendly, J.).

Treating appellant's motion as one under Section 2255 causes his notice of appeal to be governed by Rule 11 of the Rules Gov-

erning Section 2255 Proceedings. Rule 11 sets as the time for appeal the standard fixed by Rule 4(a) of the Federal Rules of Appellate Procedure. Rule 4(a)(1) states that "if the United States ... is a party, the notice of appeal may be filed ... within 60 days after [entry of the order appealed from]." We conclude that appellant's November 5, 1990 letter to the district court, before he was represented by counsel, constituted a notice of appeal substantially in compliance with the requirements of Fed.R. App.P. 3(c), and his appeal from a denial of a Section 2255 motion is therefore timely. Because appellant's due process claim requires that we determine precisely what the statute provides before addressing its constitutionality, we can address all of his claims on appeal. We thus turn to the merits.

■ Section 960(b)(2) of 21 U.S.C. provides that a person convicted of importing more than one-hundred grams of heroin into the United States

> shall be sentenced to a term of imprisonment of not less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years and not more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of title 18, or $2,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both.

As noted, the district court believed that it was bound to impose a mandatory prison sentence of at least five years. Appellant argues that the district court had the option under Section 960(b)(2) of sentencing him only to a fine. He argues that the language of the statute calling for "a term of imprisonment of not less than 5 years ..., a fine ..., *or* both" (emphasis added) should be read as entirely disjunctive, allowing the district judge to impose (1) a prison sentence of a minimum of five years; (2) or a fine; (3) or both.

Although this portion of the statute could have been more artfully drafted, the structure of Section 960(b)(2) makes it readily apparent that the district court must impose a prison sentence of five years. The provision states that a person convicted under it "shall be sentenced" to not less than five years. The fine provision of Section 960(b)(2) contains a maximum but no minimum and thus allows the court, in its discretion, to impose only a nominal fine or no fine at all. Appellant's construction of the statute—shall be sentenced to a mandatory five-year minimum prison term "or" a fine with no minimum—leads to the unintelligible conclusion that the statute permits the judge to impose no fine or a nominal fine and no imprisonment. However, if imprisonment is chosen, the term must be at least five years without eligibility for parole. Appellant offers no reason to believe that Congress intended this outcome. Congress's own understanding of the legislation was to the contrary, *see* 132 Cong.Rec. S14301 (daily ed. Sept. 30, 1986) (remarks of Sen. Byrd), as other courts have concluded. *See, e.g., United States v. Colon–Ortiz*, 866 F.2d 6, 9–10 (1st Cir.), *cert. denied*, 490 U.S. 1051, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989); *see also United States v. Bedoya*, 909 F.2d 55, 57 (2d Cir. 1990) (Section 960(b)(2) imposes a "mandatory five-year term of imprisonment"). We thus read the statute to impose a mandatory five-year prison term and an optional fine in the discretion of the court.

■ Appellant argues that, if the statute does require a mandatory five-year term, then it violates due process because the sentencing provision "do[es] not state with sufficient clarity the consequences of violating a given criminal statute." *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). We disagree. Section 960(b)(2) makes absolutely clear that persons convicted of importing more than one-hundred grams of heroin may receive a prison sentence of up to forty years and a possible fine as well. Persons in appellant's position are thus given ample notice of the possible sanctions for their conduct. Where Congress makes plain its intention to outlaw criminal conduct, "and has not altogether omitted pro-

visions for penalty, every reasonable presumption attaches to the proscription to require the courts to make it effective in accord with the evident purpose. This is as true of penalty provisions as it is of others." *United States v. Evans*, 333 U.S. 483, 486, 68 S.Ct. 634, 636, 92 L.Ed. 823 (1948).

Accordingly, we affirm.