UNITED STATES of America, Appellee,

v.

**Randy WILLIAMS, Appellant.**

**No. 91–1374.**

United States Court of Appeals, Eighth Circuit.

Submitted July 2, 1991.

Decided Aug. 21, 1991.

---

Bradley J. White, Omaha, Neb., for appellant.

Michael P. Norris, Omaha, Neb., for appellee.

Before ARNOLD, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

Randy Williams appeals the twelve-month sentence imposed by the District Court after Williams pleaded guilty to one count of possession with intent to distribute cocaine within one thousand feet of a university. We conclude that the District Court erred in holding that former 21 U.S.C. § 845a, now amended and recodified at 21 U.S.C. § 860, mandated imposition of a minimum one-year term of imprisonment.

Section 845a provides that a violation of the statute is punishable "by a term of imprisonment, *or* fine, *or* both up to twice that authorized by section 841(b)" and that "[e]xcept to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a term of imprisonment under this subsection shall be not less than one year." (emphasis added). A plain reading of this statute convinces us that the District Court has the power to impose a sentence other than imprisonment. Such a sentence may be imposed, however, only if the District Court finds there is a sufficient reason to depart from the applicable sentencing range of ten to sixteen months. *See, e.g.,* U.S.S.G. §§ 4A1.3, 5K2.0. If the District Court determines that a sufficient reason for departure does not exist, or if the Court chooses not to exercise its discretion to depart, section 845a requires imposition of a minimum one-year term of imprisonment.

We cannot agree that *United States v. Coleman,* 895 F.2d 501, 502–05 (8th Cir. 1990), controls this issue in the government's favor. It is true that the *Coleman* opinion does refer to § 845a as providing for a "mandatory minimum sentence." The question in *Coleman,* however, was simply whether certain conduct by the government amounted to the functional equivalent of a motion to depart. We held, reversing the District Court, that it did not. The issue presented in the present case, whether a § 845a in fact requires a "mandatory minimum sentence" in the ordinary, unrestricted sense of that phrase, was neither argued nor presented. Nor is it discussed in our opinion. The opinion simply assumed that this was an accurate characterization, and the issue of statutory interpretation now being urged was never mentioned.

Accordingly, we reverse and remand the case to the District Court for resentencing consistent with this opinion.

BEAM, Circuit Judge, dissenting.

I respectfully dissent. In my view, the district court correctly interpreted former section 845a to require a mandatory term of imprisonment of at least twelve months. I believe Williams's interpretation of the statute is foreclosed by this court's decision

in *United States v. Coleman*, 895 F.2d 501, 502–05 (8th Cir.1990) (government motion to depart for substantial assistance under 18 U.S.C. § 3553(e) is required before district court may depart from "mandatory minimum sentence" of one year imposed by section 845a). The district court could not entertain Williams's motion to depart for substantial assistance, as only the government may make such a motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. *See id.* at 505; *United States v. Hubers*, 938 F.2d 827, 829 (8th Cir.1991).