UNITED STATES of America, Plaintiff,

v.

Marvin SMITH, Defendant.

No. 91 CR. 385 (KMW).

United States District Court,
S.D. New York.

March 3, 1992.

Allen Applbaum, Asst. U.S. Atty., Otto G. Obermaier, U.S. Atty., New York City, for plaintiff.

Roger J. Bernstein, Bernstein & Milner, New York City, for defendant.

MEMORANDUM OPINION
AND ORDER

KIMBA M. WOOD, District Judge.

■ Defendant is to be sentenced under 21 U.S.C. § 845a(a) ["§ 845a(1)"]. The Government urges this Court to adopt an interpretation of § 845a(a) that requires the Court to sentence a defendant to a term of imprisonment. Defendant maintains that, given the plain meaning of the statute, a prison term is not required. For the reasons stated below, this Court concludes that § 845a(a) does require prison term of at least one year.

## DISCUSSION

Section 845a(a) states that:

Any person who violates section 841(a)(1) or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising [a school or other center for youth] is ... punishable by *a term of imprisonment, or a fine, or both,* up to twice that authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, *a term of imprisonment under this subsection shall not be less than one year. The mandatory minimum sentencing provisions of this paragraph* shall not apply to offenses involving 5 grams or less of marihuana.

21 U.S.C. § 845a(a), *repealed by* 21 U.S.C. § 860 (emphasis added).

It can be argued, in support of defendant's view, that § 845a(a) is entirely disjunctive, permitting a court to impose only a fine. The language supporting this interpretation is the first italicized phrase, "a term of imprisonment, or a fine, or both." The Government points the Court to the second italicized phrase, "a term of imprisonment under this subsection shall not be less than one year," and the phrase "the mandatory minimum sentencing provisions of this paragraph." It argues that these

phrases indicate that there is a mandatory minimum prison sentence of one year under this subsection.[1]

The Second Circuit has not considered this challenge to the Government's interpretation of § 845a(a). In support of defendant is the decision of the Eighth Circuit in *United States v. Williams*, 942 F.2d 526 (8th Cir.1991), which held that § 845a(a) does not impose a minimum prison term. That result was also reached by the two district courts to address the issue. *United States v. Concepcion*, 721 F.Supp. 493, 495 (S.D.N.Y.1989) (Sweet, D.J.); *United States v. Fernandez*, 749 F.Supp. 683 (E.D.Pa.1990) (Hutton, D.J.).[2]

The Government argues, however, that the Second Circuit's opinion in *United States v. Detrich*, 940 F.2d 37 (2d Cir.1991), cert. denied, — U.S. —, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992), controls in this case, and that the analysis in *Detrich* implies that § 845a(a) should be interpreted to impose a mandatory prison term. The Government also argues that the analysis in the three decisions supporting defendant's position is defective, and that a proper analysis would read § 845a(a) to impose a mandatory prison term, even apart from the controlling precedent of *Detrich*.

This Court agrees with both prongs of the Government's argument.

### I.

*Detrich* concerned the interpretation of § 960(b)(2) of 21 U.S.C. That section states that a person convicted of importing more than one hundred grams of heroin into the United States:

shall be sentenced to a term of imprisonment of not less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years and not more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of title 18, or $2,000,000, if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both.

The defendant in *Detrich* argued that, because the language of the section states that a person shall be sentenced to "a term of imprisonment . . ., a fine . . ., or both," a term of imprisonment was not mandatory. The argument was that in order to give full effect to the disjunctive language of the section, the court must read the section to allow a district judge three options: a prison term but no fine; a fine but no prison term; both a fine and a prison term.

The Second Circuit rejected this argument on the ground that the resulting interpretation was unintelligible:

The fine provision of Section 960(b)(2) contains a maximum but not minimum and thus allows the court, in its discretion, to impose only a nominal fine or no fine at all. Appellant's construction of the statute—shall be sentenced to a mandatory five-year minimum prison term "or" a fine with no minimum—leads to the unintelligible conclusion that the statute permits a judge to impose no fine or a nominal fine and no imprisonment. However, if imprisonment is chosen, the term must be at least five years without eligibility for parole. Appellant offers no reason to believe that Congress intended this outcome. ·

*Detrich*, 940 F.2d at 39.

■ On the basis of this passage, we read *Detrich* to hold that: (a) an apparently disjunctive sentencing provision in a criminal statute should not be read disjunctively if such an interpretation would render the statute unintelligible; and (b) an interpretation according to which a judge must go above a certain minimum if s/he

---

1. The Government of course does not contend that that sentence applies to cases involving 5 grams of marihuana or less.

2. Defendant also cites *United States v. Clavis*, 729 F.Supp. 857 (N.D.Ga.1990). *Clavis* is not supportive of defendant's position; while it rejects the proposition that § 845a(a) contains a mandatory *doubling* of § 841(b)'s penalties, it does not address the question of whether § 841(b) has a mandatory minimum term of imprisonment. *Id.* at 858–59.

imposes a term of imprisonment, but need not impose any term of imprisonment at all, should be regarded as unintelligible.

The defendant's argument in the present case interprets § 845a(a) to say that a judge may impose no prison term at all, but that if a judge chooses to impose a prison term, the prison term can be no shorter than one year. This is precisely the sort of scheme labelled "unintelligible" by the Second Circuit in *Detrich*. As in *Detrich*, defendant has offered no evidence that Congress intended such a scheme. *Detrich* thus mandates that the Court reject the defendant's interpretation in this case, and adopt the interpretation that recognizes that there is a mandatory minimum prison term of one year under § 845a(a).

It might be argued, on defendant's behalf, that § 845a(a) should be treated differently from § 960(b)(2) of 21 U.S.C., which was the subject of *Detrich*.[3] The provision in question in *Detrich* was in the form "shall be punished by x, y, or x and y," unlike § 845a(a), which states that the offense is "is punishable by x, or y, or x and y." The latter, it might be argued, is plainly disjunctive, whereas the former is not.

This objection is misguided for two reasons. First, it wrongly assumes that the "x, y, or x and y" is not plainly disjunctive. In ordinary English, the addition of another "or" is superfluous. To illustrate, a contract containing an option "to purchase Greenacre for $5,000, Blackacre for $4,000, or Greenacre and Blackacre for $8,000" would be viewed as plainly disjunctive, and plainly providing the promisee with three options, including the option of buying Blackacre for $4,000. It would add nothing to insert the term "or" before "Blackacre." Similarly, the language of the section in question in *Detrich* is plainly disjunctive. We thus find that the language of § 845a(a) does not distinguish this case from *Detrich*.

However, secondly, and more significantly, the Government's interpretation of § 845a(a) in this case does recognize that the language in question is disjunctive.

Both parties recognize that the clause "is ... punishable by a term of imprisonment, or a fine, or both ..." enumerates three categories (prison, fine, both). However, the Government views this portion of the statute as stating that *it would not exceed a Court's power to impose a prison term or to impose a fine (or to impose both)*, while the defendant views this portion of the statute as stating that *it would be sufficient to impose any of those forms of punishment*. Both interpretations are disjunctive, but the Government's interpretation avoids an unintelligible result and thus better accords with *Detrich*.

## II.

*Williams, Concepcion,* and *Fernandez* each arrived at the view that there was no mandatory prison term under § 845a(a). Each decision relied on a "plain meaning" rationale. The Eighth Circuit, in *Williams*, briefly noted that it was merely adopting a "plain reading" of the statute. *Williams*, 942 F.2d at 526. Similarly, Judge Sweet, in a case decided before *Detrich*, wrote in *Concepcion* that it was "evident from the repeated statutory use of disjunctive language" that § 845a(a) (in addition to § 841(b)(1)(C)) does not require a term of imprisonment. *Concepcion*, 721 F.Supp. at 495. In an extensive opinion, Judge Hutton also concluded that a "[t]here is nothing in this language that implies that a term of imprisonment is mandatory let alone that it has to be at least one year." *Fernandez*, 749 F.Supp. at 683.

We disagree with these courts for two reasons, apart from the controlling precedent of *Detrich*. First, while we agree that the plain meaning of the statute suggests a disjunctive interpretation, there is more than one disjunctive interpretation, as the discussion above indicates. Second, however, the plain meaning of certain other provisions of the subsection conflicts with the defendant's view:

Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, *a term of imprison-*

---

**3.** Defendant did not make this argument.

*ment under this subsection shall not be less than one year. The mandatory minimum sentencing provisions of this paragraph* shall not apply to offenses involving 5 grams or less of marihuana. 21 U.S.C. § 845a(a), *repealed by* 21 U.S.C. § 860 (emphasis added). The presence of the phrase "[t]he mandatory minimum sentencing provisions of this paragraph" implies that there are mandatory minimum sentencing provisions in the paragraph. Under the defendant's interpretation, there are no mandatory minimum sentencing provisions.

The *Fernandez* court responded to this problem by stating that: "[t]his Court, however, interprets the 'mandatory minimum sentencing' provision as referring to the requirement that the court impose a sentence of either a term of imprisonment, a fine, or both." *Fernandez*, 749 F.Supp. 683. This response is problematic because the concept of a mandatory minimum includes the idea that there is a bottom threshold, such that any sentence must be above that threshold. Section 845a(a) contains no bottom threshold for a fine (*e.g.*, one cent could be a "fine"), and it thus contains no bottom threshold for a sentence, under defendant's interpretation. There is therefore nothing to which the phrase the "the mandatory minimum sentencing provisions of this paragraph" could refer.[4]

More generally, the defendant's view is incapable of finding any meaning for an entire sentence of the subsection, which states, "[t]he mandatory minimum sentencing provisions of this paragraph shall not apply to offenses involving 5 grams or less of marihuana." Because there is no mandatory minimum on this view, there is nothing from which to exempt those convicted of offenses involving 5 grams of marihuana or less. Even if one interpreted "the mandatory minimum sentencing provi-

sions" to be a requirement that at least some fine must be imposed, *see Fernandez,* given that this requirement could be satisfied by a fine of one cent, it would make no sense to exempt those convicted of 5 gram or less marihuana offenses from such a fine.

The foregoing analysis suggests that, even if the *Fernandez* court were correct about the plain meaning of the disjunctive language of § 845a(a), considerations of *context* should lead a court to reject the *Fernandez* interpretation. *Cf. Reiter v. Sonotone Corp.*, 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) ("[i]n construing a statute we are obliged to give effect, if possible, to every word Congress used. [citation omitted] Canons of construction ordinarily suggest that terms separated by a disjunctive be given separate meanings, *unless the context dictates otherwise ...*" (emphasis added)). Indeed, even from a strict "plain meaning" point of view, and even assuming the correctness of the *Fernandez* interpretation of § 845a(a)'s disjunctive language, the disjunctive language here is not controlling, because it leads to an interpretation that renders meaningless part of the statute, and is therefore patently absurd. *I.N.S. v. Cardozo Fonseca*, 480 U.S. 421, 107 S.Ct. 1207, 1224, 94 L.Ed.2d 434 (1987) (Scalia, J., concurring) ("... if the language of a statute is clear, that language must be given effect—at least in the absence of a patent absurdity.")

## CONCLUSION

For the reasons stated above, we interpret § 845a(a) to include a mandatory minimum term of imprisonment of one year.

SO ORDERED.

---

**4.** It might be argued that the phrase, "the mandatory minimum sentencing provisions of this paragraph" refers to mandatory terms of supervised release, incorporated by reference to § 841(b). We note that no courts have adopted this view, and that it is highly implausible because: (i) such provisions are not "of this paragraph," but are rather of § 841(b), and (ii) the sentence in § 845a(a) referring to mandatory

minimum sentencing provisions directly follows the sentence stating that "a term of imprisonment under this statute shall not be less than one year."

We note, finally, that the reason § 845a(a) refers to "mandatory minimum sentencing provisions of this paragraph" (§ 845a) in the plural, is presumably that it is referring to provisions of both § 845a(a) and § 845a(b).