91 F.3d 147
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis NASH, Defendant-Appellant.
 No. 95-1192.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1996.*
Decided July 15, 1996.
 
 Before CUDAHY, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 In 1992, Louis Nash pleaded guilty to charges of possession of marijuana with intent to distribute and conspiracy to do the same. 21 U.S.C. §§ 841, 846. The district court sentenced him under the federal Sentencing Guidelines to 262 months' imprisonment. Nash appealed and this court affirmed his conviction and sentence. United States v. Nash, 29 F.3d 1195 (7th Cir.1994).
 
 
 2
 On November 21, 1994, Louis Nash filed a Motion to Correct an Illegal Sentence, purportedly under the version of Rule 35(a) of the Federal Rules of Criminal Procedure in effect prior to the November 1, 1987 implementation of the federal Sentencing Guidelines ("old-Rule 35"). The district court denied his motion, and this appeal followed.
 
 
 3
 As an initial matter, the district court was without jurisdiction to entertain Nash's motion. The post-Guidelines version of Rule 35 under which Nash was sentenced ("new-Rule 35") does not grant authority to the district court to correct an illegal sentence unless it has been vacated on appeal. Fed.R.Cr.P. 35(a). It does not matter that Nash is claiming that the district court should have applied pre-Guidelines law to his case in the first place; Nash may appeal only under the same law under which he was sentenced. United States v. Corbitt, 13 F.3d 207, 211 (7th Cir.1993).
 
 
 4
 Nonetheless, Nash could have challenged his sentence as illegal under 28 U.S.C. § 2255. In the interest of judicial economy, we will construe his motion as a petition under that section, United States v. Bonansinga, 855 F.2d 476, 477-78 (7th Cir.1988), and thus reach the merits of his claims. See also United States v. Kohl, 972 F.2d 294, 296-97 (9th Cir.1992); United States v. Detrich, 940 F.2d 37, 38 (2d Cir.1991), cert. denied, 502 U.S. 1121 (1992); United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir.1990), cert. denied, 499 U.S. 979 (1991).
 
 
 5
 Nash argues that the language in the indictment to which he pleaded guilty can be read (or should be read under the rule of lenity) as charging him with conduct that continued only "up until but not including" November 1987. Accordingly, Nash continues, his criminal conduct did not straddle the implementation of the Sentencing Guidelines, and hence, the district court illegally sentenced him under the Guidelines.
 
 
 6
 The dates specified in the indictment, however, do not determine the beginning and ending dates of a conspiracy for the purpose of determining whether the federal Sentencing Guidelines apply. United States v. Byerley, 46 F.3d 694, 696 n. 1 (7th Cir.1995); United States v. Roberts, 22 F.3d 744, 750 (7th Cir.1994), cert. denied, 115 S.Ct. 744 (1995). Rather, the factual basis underlying the conviction determines those dates. In this case, there was evidence that a member of the conspiracy transported drugs on November 11, 1987. Accordingly, the Sentencing Guidelines properly applied to Nash's conviction, United States v. Williams, 81 F.3d 1434, 1442 (7th Cir.1996), and this claim has no merit.
 
 
 7
 Nash also claims that because conduct for which he was convicted in Florida on state charges was part of the conspiracy for which he was convicted in federal court, the district court improperly failed to credit him under U.S.S.G. § 5G1.3(b) for his Florida sentence. Nash did not raise this argument on direct appeal, see Nash, 29 F.3d at 1198, nor does he offer any good cause for or prejudice from having failed to do so. Accordingly, this argument is waived. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996); Soto v. United States, 37 F.3d 252, 254 (7th Cir.1994); Scott v. United States, 997 F.2d 340, 342 (7th Cir.1993).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)