**UNITED STATES of America, Appellee,**

v.

**Edwin COLON–ORTIZ, Defendant, Appellant.**

**Nos. 88–1238, 88–1327.**

United States Court of Appeals, First Circuit.

Heard Nov. 4, 1988.
Decided Jan. 24, 1989.

Charles P. McGinty, Federal Defender Office, Boston, Mass., for defendant, appellant.

Kevin E. Sharkey, Sp. Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., was on brief, for appellee.

Before BOWNES and SELYA, Circuit Judges, and CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

The defendant, Edwin Colon–Ortiz, appeals from the district court's denial of his motion to dismiss and the court's judgment of conviction. Ortiz entered a conditional plea of guilty to one count of conspiring to

distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846 and one count of distributing more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Defendant argues that the penalty language of Section 841(b)(1)(B) violates due process because it provides for two inconsistent penalty schemes. Though we find that the "or both" language of Section 841(b)(1)(B) should probably be stricken by the Congress to cure a potential notice deficiency, we nonetheless affirm both the district court's denial of defendant's motion to dismiss and the court's judgment of conviction.

## I.

The relevant facts are few and are not in dispute. In August of 1987, defendant was arrested by Drug Enforcement Administration ("DEA") agents in Dorchester, Massachusetts. Defendant later admitted that on August 18, 1987 he delivered approximately one kilogram of cocaine in a transaction initiated by a co-defendant with an undercover agent and an informant. After his co-defendant picked up the cocaine at a storage site, Ortiz delivered the drugs to the informant's apartment. Upon leaving the apartment, defendant was arrested by DEA agents. Defendant stated that his motive for participating in the delivery was money. Defendant was released pending trial.

Ortiz was charged in a September 2, 1987 indictment with conspiring to distribute cocaine and with distributing more than 500 grams of cocaine. Defendant moved to dismiss the distribution count on the basis that the relevant penalty provision is constitutionally deficient. The district court orally denied the motion. Defendant then entered a conditional guilty plea on both counts, reserving the right to appeal the court's denial of the motion to dismiss. On December 21, 1987, the district court sentenced Ortiz to one year on the conspiracy count and a concurrent sentence of five years imprisonment on the distribution

* Of the District of Massachusetts, sitting by designation.

count.[1] Defendant has been allowed to consolidate the appeals from the motion denial and the judgment of conviction.

## II.

The penalty provision at issue in this appeal is codified at 21 U.S.C. § 841(b)(1)(B). Section 841(b)(1)(B) sets forth the penalties for violations involving the distribution of 500 grams or more of mixtures containing cocaine:

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both.

21 U.S.C. § 841(b)(1)(B). The statute further provides: "Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein." *Id.*

The defendant argues that this statute violates due process by imposing two inconsistent penalty schemes, one allowing the court to impose merely a fine, and the other requiring the imposition of a five-year minimum term of imprisonment. Defendant argues that the statute should be declared unconstitutional because it fails to provide adequate notice of the contemplated penalties for a Section 841(a)(1) violation. Ortiz further argues that the statute "fails to provide an explicit standard [for] judges and thus encourage[s] arbitrary ... enforcement." Defendant seeks the dismissal either of all charges against him or at least of the Section 841(a)(1) count.

The government concedes that the "or both" language in the statute, when read in isolation, raises the question of whether a fine may be imposed in lieu of a prison term under Section 841(b)(1)(B). The government contends, however, that when all of the statutory language is read together, it is clear that Congress intended every defendant sentenced under Section 841(b)(1)(B) to serve a five-year minimum term of imprisonment, in addition to paying any fine imposed by the court. The government also relies on the legislative history of the 1986 Amendments to 21 U.S.C. § 841 which, according to the government, "leaves no doubt that a minimum mandatory penalty was intended by the Congress in this case." Brief for Appellee at 8.

## III.

The Fifth Amendment of the United States Constitution provides that "[n]o person shall ... be deprived of life, liberty or property, without due process of law...." It is well-settled that due process requires that criminal statutes put individuals on sufficient notice as to whether their contemplated conduct is prohibited and would thereby subject them to prosecution. *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979); *Lanzetta v. New Jersey,* 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). As this Court explained in *United States v. Anzalone,* 766 F.2d 676 (1st Cir. 1985), the Constitution mandates that "before any person is held responsible for violation of the criminal laws of this country, the conduct for which he is held accountable [must] be prohibited with sufficient specificity to forewarn of the proscription of said conduct." *Id.* at 678 (citations omitted). It is also true that "sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." *United States v. Batchelder,* 442 U.S. at 123, 99 S.Ct. at 2204 (citing *United States v. Evans,* 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948); *United States v.*

---

**1.** The defendant also received a four-year special parole term on the distribution count.

*Brown,* 333 U.S. 18, 68 S.Ct. 376, 92 L.Ed. 442 (1948)).

▉ To satisfy due process notice requirements, a penal statute must be clear on its face. As the United States Supreme Court explained in *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954): "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Id.* at 617, 74 S.Ct. at 812. The person of ordinary intelligence similarly should not have to guess at the meaning of penalty provisions, or else those provisions are not sufficiently clear to satisfy due process concerns. It is not enough for the congressional intent to be apparent elsewhere if it is not apparent by examining the language of the statute. No amount of explicit reference in the legislative history of the statute can cure this deficiency.

▉ We cannot say that Section 841(b)(1)(B) as drafted affords fair notice to individuals as to the consequences of violating the Section 841(a)(1) liability provision. The express language of the statute describes two penalty schemes that are directly contradictory. Given the "or both" language contained in the first sentence, the penalty provision would appear to allow a court to consider the imposition of a prison term or a fine to be alternatives: "such person shall be sentenced to a term of imprisonment ... a fine ... or both." The language that concludes the subparagraph, however, is strong indication that the statute calls for a mandatory term of imprisonment: "Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed

therein." The language of the statute is not only inconsistent, but is directly contradictory. This lack of clarity on the face of Section 841(b)(1)(B) constitutes a notice deficiency and raises serious due process concerns.

The government relies heavily on a recent district court opinion to support its position that Section 841(b)(1)(B) passes constitutional muster. In *United States v. Restrepo,* 676 F.Supp. 368 (D.Mass.1987), the court concluded that the statute is sufficiently clear to withstand a due process challenge. The court explained: "I am able to resolve the 'inconsistency' in the penalty section of the Anti–Drug Abuse Act by looking at the accompanying statutory provisions and legislative history. Where Congress' intent has been expressed so clearly, I will not construe the statute in a way that will frustrate that intent." *Id.* at 375. Whether congressional intent may be ascertained by looking at accompanying statutory provisions and legislative history, however, is in no way dispositive of the question of whether the statute satisfies due process requirements. The statutory language itself must be clear enough so that persons of ordinary intelligence will not have to "guess at its meaning and differ as to its application." *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). We cannot say that such a person reading Section 841(b)(1)(B) would be put on notice that the statute requires the imposition of a prison term, given the "or both" language in the first sentence.[2]

Though we disagree with the government's position that ascertaining congressional intent by means of the legislative history of Section 841(b)(1)(B) cures any inconsistency on the face of the statute, we agree that the relevant legislative history and accompanying statutory provisions establish definitively that Congress intended

---

**2.** Indeed, in the instant case the district court originally denied defendant's motion to dismiss on the basis that Section 841(b)(1)(B) is internally consistent and allows the court to impose simply a fine. In its final Memorandum and Order denying the motion, however, the court concluded that the statute mandates a minimum five-year term of imprisonment. *United States v. Ortiz,* No. 87–297, slip op. at 3 (D.Mass. Feb. 7, 1988). As the defendant rightly asks: "If a learned federal judge has trouble understanding the statute, where then do the 'ordinary people' ... stand?" Brief for Appellant at 8.

to impose a minimum mandatory five-year prison term under Section 841(b)(1)(B). As the comprehensive discussion provided by the district court in *Restrepo* points out, the legislative history of the 1986 Amendments to 21 U.S.C. § 841 contains numerous and explicit references to mandatory prison terms. 676 F.Supp. at 373–75. For example, Senator Byrd commented on the penalty provisions of the anti-drug bill:

> [W]e have to make sure that the would-be criminal knows that if he commits a crime and gets caught, his punishment will be sure and certain. He must know that there will be no escape hatch through which he can avoid a term of years in the penitentiary. He must know in advance exactly how lengthy that prison term is going to be. He must know that no matter how good a lawyer he gets, how experienced, how expensive, how well-known, and how clever and sharp, that lawyer will not be able to keep him out of jail once he has been found guilty in a court of law. And that will be because the laws we pass will henceforth make it abundantly clear that a jail term must be imposed and a jail term must be served.
>
> ... [T]he language I originally proposed has been included in the penalty section of this bipartisan bill which will require that for certain crimes involving drugs, the convicted defendant must—I repeat must—be sentenced to the penitentiary. He must serve jail time. He will know that in advance because it will be the law. It will not be a matter of the judge's discretion for these types of crimes. It will be a requirement imposed by law on the sentencing judge.
>
> . . . .
>
> Our proposal would also provide mandatory minimum penalties for the middle-level dealers as well. Those criminals would also have to serve time in jail. The minimum sentences would be slightly less than those for the kingpins, but they nevertheless would have to go to jail—a minimum of 5 years for the first offense and 10 years for the second.

132 Cong.Rec. S14,301 (daily ed. Sept. 30, 1986). In addition, Subtitle C of the Anti-Drug Abuse Act of 1986 refers to Section 841(b) of Subtitle A of the same Act:

> An individual convicted under this section of an offense for which a mandatory minimum term of imprisonment is applicable shall not be eligible for parole under Section 4202 of title 18, United States Code until the individual has served the mandatory term of imprisonment required by section 401(b) [21 U.S.C. § 841(b)] as enhanced by this section.

Pub.L. No. 99–570, § 1102 (Oct. 27, 1986). Notwithstanding the inconsistent statutory language of Section 841(b)(1)(B), the congressional intent is obvious by looking at relevant legislative history and accompanying statutory provisions.

In light of this evident congressional intent, we find that the "or both" language in Section 841(b)(1)(B) was an inadvertent drafting error, and should be stricken from the statute. As the court in *Citizens to Save Spencer County v. EPA*, 600 F.2d 844 (D.C.Cir.1979), explained: "It is obvious, but bears repeating, that in legislative (as in judicial) affairs, allowance must be made for human error and inadvertence." *Id.* at 871–72. *See also Zambardino v. Schweiker*, 668 F.2d 194, 199 (3d Cir.1981) (courts must at times recognize the existence of sheer inadvertence in the legislative process).

### IV.

Ortiz contends that his motion to dismiss should have been granted and that his conviction should be reversed due to the inconsistency in Section 841(b)(1)(B). Though we find that such inconsistency existed due to the "or both" language in the first sentence of the statute, we also find that this defendant was not harmed by the deficiency. The district court explained in its Memorandum and Order denying defendant's motion to dismiss that the most lenient reading of the sentencing provision would not have helped this defendant: "[A]mbiguity requires the application of the most lenient interpretation of the sentencing provision. In this case that would mean only that the court would have had

the option of the imposition of a suspended sentnece [sic] or probation with a fine, an option I would not have chosen anyway." *United States v. Ortiz*, No. 87–297, slip op. at 2 (D.Mass. Feb. 17, 1988). Given the district court's determination that the defendant should receive some term of imprisonment, under any reading of the statute the court was required to impose the five-year minimum sentence.

Defendant argues that all of Section 841(b)(1)(B) should be declared unconstitutional given the notice deficiency caused by the "or both" language. Defendant relies on a recent decision of the Supreme Judicial Court of Massachusetts that declared a similar sentencing provision unconstitutional due to inconsistency in the statutory language. *Commonwealth v. Gagnon*, 387 Mass. 567, 441 N.E.2d 753 (1982), *cert. denied*, 461 U.S. 921, 103 S.Ct. 2077, 77 L.Ed.2d 292 (1983). The *Gagnon* court determined that the statute was unconstitutionally vague, however, only after the court examined the legislative history and context of the section and found that the legislative intent could not be ascertained. *Id.* 387 Mass. at 569–74, 441 N.E.2d 753. After reviewing the legislative history of Section 841(b)(1)(B), and after looking to its context, we are able to conclude that Congress clearly intended to impose mandatory prison terms under this sentencing provision. The notice deficiency in the statute can be cured easily by striking the "or both" language, which clarifies on the face of the statute what penalties defendants risk in violating the Section 841(a)(1) liability provision.

■ In adopting this interpretation of Section 841(b)(1)(B), we are merely "applying what Congress has enacted after ascertaining what it is that Congress has enacted." *Carpenters' Union v. Labor Board*, 357 U.S. 93, 100, 78 S.Ct. 1011, 1016, 2 L.Ed.2d 1186 (1958). Though a statute should generally be interpreted to give effect to every provision, a provision resulting from legislative inadvertence or mistake should not be given effect. *United States v. Babcock*, 530 F.2d 1051, 1053 (D.C.Cir.1976); 2A Sutherland, *Statutes*

*and Statutory Construction* § 46.06 (C. Sands rev. 4th ed. 1984). Accordingly, we rule that the correct interpretation of the statute is to disregard the "or both" language, thus clarifying the penalties for violating Section 841(a)(1).

*The district court's order denying defendant's motion to dismiss and the court's judgment of conviction are affirmed.*