**UNITED STATES of America**

v.

**Richard Clark JOHNSON, Peter Eamon Maguire, Martin Peter Quigley, Christina Leigh Reid, Gerald Vincent Hoy.**

**Crim. A. Nos. 89–221–MA–01, 89–221–MA–03.**

United States District Court, D. Massachusetts.

April 27, 1990.

Wayne A. Budd, U.S. Atty., Richard G. Stearns, Asst. U.S. Atty., Sr. Litigation Counsel, for U.S.

Kevin J. O'Dea, Boston, Mass., for defendant Johnson.

Richard E. Bachman, Boston, Mass., for defendant Quigley.

William P. Homans, Jr., Boston, Mass., for defendant Reid.

Martin D. Boudreau, Boston, Mass., for defendant Hoy.

MAZZONE, District Judge.

## ORDER

Approved and adopted as an order of this court.

## REPORT AND RECOMMENDATION ON DEFENDANT RICHARD C. JOHNSON'S MOTION TO DISMISS COUNT FOUR OF THE INDICTMENT (# 66) AND DEFENDANT MARTIN P. QUIGLEY'S MOTION TO DISMISS COUNT FOUR OF THE INDICTMENT (# 11)

April 9, 1990

ROBERT B. COLLINGS, United States Magistrate.

### Introduction

The defendants Johnson and Quigley have moved to dismiss Count IV of the superseding indictment on three separate grounds. The first two arguments advanced in support of their motions constitute facial challenges to the constitutionality of the statute under which they have been charged, Title 18, United States Code, Section 957. First enacted in 1917, the statute provides:

§ 957. Possession of property in aid of foreign government.

Whoever, in aid of any foreign government, knowingly and willfully possesses or controls any property or papers used or designed or intended for use in violating any penal statute, or any of the rights or obligations of the United States under any treaty or the law of nations, shall be fined not more than $1,000.00 or imprisoned not more than ten years or both.

The defendants' basic premise is that Section 957 is unconstitutionally vague. As a consequence of this vagueness, it is argued that the statute, by its terms, impermissibly restricts the right of freedom of speech guaranteed by the First Amendment to the Constitution. Additionally, the defendants contend that Section 957 is void for vagueness in that it does not provide an ascertainable standard of guilt, i.e. that it is not sufficiently specific to forewarn a person of what conduct is proscribed.

The contention that the indictment itself is infirm forms the third basis upon which dismissal is sought. In Count IV of the superseding indictment, defendants Johnson and Quigley, together with defendant Maguire, are charged as follows:

In or about July 1989, within the District of Massachusetts, and elsewhere, ... the defendants herein, in aid of the Provisional Irish Republican Army, a faction and body of insurgents within Northern Ireland and elsewhere in the United Kingdom, a country with which the United States is at peace, did knowingly and willfully possess and control a laboratory workshop situated in the basement of a premise located at 1073 Oak Street in Harwich, Massachusetts, used, designed, and intended for use in violating Title 18, United States Code, Section 956, and Title 22, United States Code, Section 2778; all in violation of Title 18, United States Code, Sections 957 and 2.

The defendants take the position that these allegations are too vague and indefinite to provide them with an ascertainable standard of guilt.

### The Law

As a starting point, the law is clear that:

... the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary

and discriminatory enforcement. (citations omitted)

*Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). When a statute is challenged as constitutionally infirm on the basis of the void-for-vagueness doctrine, the test to be applied "is whether the language conveys sufficiently definite warning as to the prescribed conduct when measured by common understanding and practices." (citation omitted) *Jordan v. DeGeorge,* 341 U.S. 223, 231, 71 S.Ct. 703, 708, 95 L.Ed. 886 (1951).

The defendants read Section 957 as proscribing the mere possession and control of papers and property used, designed or intended for use in aid of any foreign government. Consistent with this statutory reading, coupled with the fact that the term "papers" is not defined within the statute, it is argued that Section 957 is so ambiguous and vague as to encompass such things as possession of daily newspapers, thereby infringing First Amendment freedoms.

The defendants' interpretation of Section 957 is overbroad and essentially not true to the language of the statute. First, it is not the mere possession of papers in aid of a foreign government that is prohibited. Rather, it is the knowing and willful possession of property and papers used or designed or intended for use in violating any penal statute. In the Court's view, the statutory language requires that the possession be related to the unlawful conduct, i.e. that what is prohibited is the possession of "property or papers" which are "used or designed or intended for use in violating any penal statute." Such an interpretation imparts a significant limitation to the breadth of the statute. Second, the scienter requirement incorporates a further delimitation to the application of the statute. It is permissible to construe Section 957 narrowly so that what is prohibited is the knowing and willful *possession* of property or papers which the *possessor knows* is used or is designed or intended for use in violating a penal statute. In short, there is criminal liability only if the possessor (1) knows that he possesses the papers or property and (2) knows that the papers or property he possesses is used or designed or intended for use in violating a penal statute. In other words, the specific intent applies to both the possession and the use or the designed or intended use.

The apparent objective or focus of Section 957 is to prohibit certain conduct, not to impinge on constitutionally protected speech. It is not the mere possession of papers that is forbidden, but their possession for use in illegal activity. The proscribed conduct and the protected right must be distinguished for

> "it has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written or printed." *Ohralik v. Ohio State Bar Assn.,* 436 U.S. 447, 456, 98 S.Ct. 1912, 1918, 56 L.Ed.2d 444 (1978) *quoting Giboney v. Empire Storage & Ice Co.,* 336 U.S. 490, 502, 69 S.Ct. 684, 691, 93 L.Ed. 834 (1949); *See also, United States v. Morison,* 844 F.2d 1057, 1068–69 (4 Cir.), *cert. denied,* 488 U.S. 908, 109 S.Ct. 259, 102 L.Ed.2d 247 (1988).

First Amendment rights are not abrogated or unwarrantedly abridged by this statute. The most that can be said is that such freedoms may be incidentally regulated as a minor concomitant to the legitimate aim of Section 957 to prohibit possession of papers or property designed for use in violating penal statutes. Any claim of infringement of free speech rights is attenuated in these circumstances. Given a narrow construction, Section 957 is not so vague or overbroad that its application impermissibly restricts free speech. *See Cox v. New Hampshire,* 312 U.S. 569, 574–575, 61 S.Ct. 762, 765, 85 L.Ed. 1049 (1941); *United States v. Edler Industries, Inc.,* 579 F.2d 516, 519–521 (9 Cir., 1978). Having concluded that Section 957 does not "reach[ ] a substantial amount of constitutionally protected conduct," *Village of Hoffman Estates v. The Flipside, Hoffman Estates Inc.,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982), the

defendants' vagueness and overbreadth argument on this ground must fail.

■ It is next argued that Section 957 is so vague a law that it fails to satisfy due process requirements. As recently articulated by the First Circuit:

> It is well-settled that due process requires that criminal statutes put individuals on sufficient notice as to whether their contemplated conduct is prohibited and would thereby subject them to prosecution. (citations omitted) As this Court explained in *United States v. Anzalone*, 766 F.2d 676 (1 Cir., 1985), the Constitution mandates that "before any person is held responsible for violation of the criminal laws of this country, the conduct for which he is held accountable [must] be prohibited with sufficient specificity to forewarn of the proscription of said conduct." *Id.* at 678 (citations omitted).

*United States v. Colon–Ortiz*, 866 F.2d 6, 8 (1 Cir., 1989). Absent the involvement of First Amendment freedoms, "[i]t is well established that vagueness challenges to statutes ... must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975) *quoting, United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975); *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., supra* 455 U.S. at 497, 102 S.Ct. at 1192. Put another way, "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974). A statutory challenge such as this is to be upheld "only if the enactment were impermissibly vague in all its applications." *United States v. LaFrance*, 729 F.Supp 7, 8 (D.Mass., 1989).

Although recognizing that this argument is a challenge to the statute and not the indictment, a determination of whether a statute is unconstitutionally vague is not made in a vacuum. Rather, the analysis is grounded upon "the facts of the case at hand." From this perspective, it is significant to note that the defendants' motions to dismiss were filed with reference to the original indictment. A superseding indictment has since been returned by the Grand Jury. The allegations of Count IV of the superseding indictment incorporate far greater detail with respect to the defendants' conduct alleged to be in violation of Section 957. As currently alleged, the defendants would be hard-pressed to argue that their conduct was not prohibited by the statute.

It is charged in Count IV that the defendants, in aid of the Provisional Irish Republican Army (a foreign government as defined in 18 U.S.C. § 11), did knowingly and willfully possess a laboratory workshop located in Harwich, Massachusetts, which was designed and intended to be used to injure or destroy property of a foreign government and to violate the Arms Export Control Act. Whatever the potential breadth that could be accorded to the term "papers or property," there can be little doubt that a workshop of the nature described with Count IV falls squarely and firmly within a common sense definition. This conclusion is buttressed by the statute's delimiting features. The possession of the workshop is alleged to have been knowing, in aid of a faction or body of insurgents and related to the violation of law. Neither is the term "penal statute" too indefinite. That language is sufficient to apprise a person that violation of a federal criminal law is prohibited.

In a practical sense, it must be recognized that since:

> ... few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded.

*Boyce Motor Lines v. United States*, 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367 (1952). A man of common intelligence would not be left to guess that the conduct in which the defendants' allegedly engaged was proscribed by Section 957. *Lanzetta*

*v. New Jersey,* 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). This is particularly so in light of the scienter requirement. Section 957 is violated only when it is demonstrated that a person acted "knowingly and willfully." The Supreme Court ... has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed. (footnote omitted) *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., supra,* 455 U.S. at 499, 102 S.Ct. at 1193; *See also, United States v. MacKenzie,* 777 F.2d 811, 816 (2 Cir., 1985), *cert. denied,* 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 977 (1986); *Gorin v. United States,* 312 U.S. 19, 27, 61 S.Ct. 429, 433, 85 L.Ed. 488 (1940); *United States v. LaFrance, supra,* 729 F.Supp. at 8.

In sum, the scienter requirement and other delimiting features of the statute render Section 957 sufficiently definite to notify the defendants that the conduct in which they allegedly engaged was contrary to law. The Court does not find that Title 18, United States Code, Section 957 is void for vagueness.

█ The final issue to be addressed is the challenge to the sufficiency of the indictment itself. The defendants had argued that the phrase "in aid of a faction and body of insurgents" as charged in the indictment was too vague or indefinite absent some further description or definition. This objection has been cured by the superseding indictment. The allegation "in aid of a factor and body of insurgents" has been particularized to "in aid of the Provisional Irish Republican Army, a faction and body of insurgents within Northern Ireland and elsewhere in the United Kingdom." The defendants make no argument that the Provisional Irish Republican Army should not be considered to be a "body of insurgents" consonant with common understanding and the use of the term in 18 U.S.C. § 11. Essentially, the argument that the indictment was infirm due to vagueness has been mooted by the specificity of Count IV of the superseding indictment.

*Recommendation*

For all the reasons stated, I RECOMMEND that both Richard C. Johnson's and Martin P. Quigley's Motion To Dismiss Count IV be DENIED.

*Review By The District Court*

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *United States v. Vega,* 678 F.2d 376, 378–379 (1 Cir., 1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983). *See also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).