UNITED STATES, Appellee,

v.

Collins E. OLLOH,
Defendant, Appellant.

No. 90–1030.

United States Court of Appeals,
First Circuit.

Heard Dec. 3, 1990.

Decided Feb. 26, 1991.

Rehearing and Rehearing En Banc Denied
April 17, 1991.

David J. Fine, Boston, Mass., by appointment of the court, with whom David J. Fine and Associates were on brief, for defendant, appellant.

Brien T. O'Connor, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before CAMPBELL and TORRUELLA, Circuit Judges, and BOWNES, Senior Circuit Judge.

BOWNES, Senior Circuit Judge.

The defendant Collins E. Olloh appeals from the judgment of conviction and resulting sentence entered in the United States District Court for the District of Massachusetts. Olloh was arrested on May 24, 1989, at Logan Airport after returning from a trip to Nigeria. He had swallowed 40 balloons containing approximately 230 grams of heroin. Olloh subsequently entered a plea of guilty to one count of importing into the United States more than 100 grams of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(A). There are two issues on appeal: (1) whether our opinion in *United States v. Colon–Ortiz*, 866 F.2d 6 (1st Cir.), *cert. denied*, 490 U.S. 1051, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989), controls this case, and (2) whether the district court erred in its sentencing finding that the defendant's role in the offense was that of a principal.

## I.

■ We find, in light of the language of § 960(b)(2)(A) and the facts, that this case is controlled by *Colon–Ortiz*. In *Colon–Ortiz*, we addressed the implications of the "or both" language following the penalty provision of § 841(b)(1)(B).

Section 841(b)(1)(B) states in pertinent part:

[S]uch person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $2,000,-000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, *or both.*

(Emphasis added). We recognized that the "or both" language meant the statute could be read to impose two inconsistent penalty schemes: one allowing the court to impose only a fine; the other requiring the imposition of a five-year minimum prison term. Both parties agree that, for relevant purposes, the language in 21 U.S.C. § 960(b)(2)(A) is identical to that of 21 U.S.C. § 841(b)(1)(B). Consequently, § 960(b)(2)(A), like § 841(b)(1)(B), may be read to impose two inconsistent penalty schemes.

In *Colon–Ortiz*, we held that "[t]his lack of clarity on the face of Section 841(b)(1)(B) constitutes a notice deficiency and raises serious due process concerns." 866 F.2d at 9. We also found, "that the relevant legislative history and accompanying statutory provisions establish definitively that Congress intended to impose a minimum mandatory five-year prison term under Section 841(b)(1)(B)." *Id.* at 9–10. We struck the "or both" language, stating: "In light of this evident congressional intent, we find that the 'or both' language in Section 841(b)(1)(B) was an inadvertent drafting error, and should be stricken from the statute." *Id.* at 10. Defendant has not challenged our interpretation of the legislative history.

We then found that the defendant in *Colon–Ortiz* was not harmed by the statute's inconsistent and contradictory language because the sentencing judge never considered the option of only imposing a fine. Thus, since that alternative was not viable, the district court was required to impose the five-year minimum sentence. *Id.* at 10–11. We affirmed the conviction and sentence.

Neither principle nor fact distinguishes this case from *Colon–Ortiz*. The "or both" phrase in § 960(b)(2)(A) presents the same due process notice concerns. But, as in *Colon–Ortiz*, the defendant here has not been harmed by the contradictory language. The district court did not consider a fine alone as an appropriate sentence. It stated: "There is no way I can find that a lesser prescribed sentence would be appropriate in this case, that no imprisonment would be appropriate...." Applying *Colon–Ortiz*, as we are bound to do, we affirm the conviction.

## II.

■ Olloh argues that the district court erred in finding that he was a "principal" rather than a "minor" participant in the crime. *See* Guidelines § 3B1.2. We review the district court's finding under the "clearly erroneous" standard. *United States v. Wright*, 873 F.2d 437, 443 (1st Cir.1989) (noting recent amendment to guidelines indicating that courts of appeals " 'shall give due deference to the district court's *application* of the guidelines to the facts' " (emphasis added in original)). When applying the clear error standard, we heed the teaching of the Supreme Court not to substitute our interpretation of the evidence for that of the trial court's. *Inwood Laboratories v. Ives Laboratories*, 456 U.S. 844, 857–58, 102 S.Ct. 2182, 2190–91, 72 L.Ed.2d 606 (1982).

Olloh essentially argues that the extreme and separate nature of his act is itself evidence of his "minor" role in the smuggling enterprise. He reasons that the life-threatening act of swallowing 40 balloons of heroin is uncharacteristic of a principal

actor. The district court rejected this argument. We cannot say that the district court's finding that Olloh acted as a "principal" was clearly erroneous.

The judgment of the district court is affirmed.