**Matthew SABETTI, Petitioner, Appellant,**

**v.**

**Paul DIPAOLO, Respondent, Appellee.**

No. 93–1595.

United States Court of Appeals,
First Circuit.

Heard Oct. 8, 1993.

Decided Feb. 10, 1994.

---

Carol A. Donovan, with whom Committee for Public Counsel Services, Boston, MA, was on brief for appellant.

Nancy W. Geary, Assistant Attorney General, Criminal Bureau, with whom Scott Harshbarger, Attorney General, Boston, MA, was on brief for appellee.

Before BREYER, Chief Judge, BOUDIN and STAHL, Circuit Judges.

BREYER, Chief Judge.

State policemen found petitioner, Matthew Sabetti, and another person sitting in a parked car that contained drug paraphernalia strewn on the floor and, on the back seat, two small plastic bags of cocaine sticking out of a larger gym bag. It was later determined that the cocaine amounted to 38 grams of a very pure mixture. The Commonwealth charged Sabetti with violating a statute that, at the time, prohibited *"knowingly* possessing with intent to distribute twenty-eight grams or more of cocaine." Mass.Gen.Laws Ann. ch. 94C, § 32E(b) (West 1984) (ellipses omitted) (emphasis added) (statute reprinted in appendix). The trial judge instructed the jury that to convict Sabetti it must find, in effect, 1) that he knowingly possessed the two bags (with intent to distribute the cocaine) *and* 2) that he actually *knew* that the bags contained at least 28 grams of cocaine (i.e., an ounce). The jury found Sabetti guilty. The trial court, finding the evidence insufficient to show specific knowledge of 28 grams or more, set aside the verdict. But, the Supreme Judicial Court reinstated the verdict, on the ground that the statute does not require the government to prove the defendant's actual knowledge of amount— though, we add, the facts here indicate that the amount was reasonably foreseeable.

Sabetti now seeks federal habeas corpus. He argues that his conviction violates the "fair notice" requirement of the federal Constitution's Due Process Clause. *See, e.g., United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979); *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954); *Lanzetta v. New Jersey,* 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939); *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *United States v. Colon–Ortiz,* 866 F.2d 6, 8 (1st Cir.), *cert. denied,* 490 U.S. 1051, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989). The federal district court rejected Sabetti's argument. And, so do we.

As both sides agree, "[i]t is well-settled that due process requires that criminal statutes put individuals on sufficient notice as to whether their contemplated conduct is prohibited." *See Colon–Ortiz,* 866 F.2d at 8 (citations omitted). As both sides also seem to agree, a criminal statute *fails* to provide fair notice if a "person of ordinary intelligence," *Harriss,* 347 U.S. at 617, 74 S.Ct. at 811, "examining [only] the language of the statute," *Colon–Ortiz,* 866 F.2d at 9, would be in some way surprised that it prohibited the conduct in question. "It is not enough," we have explained, for the true meaning of the statute "to be apparent *elsewhere,"* in extra-textual materials such as legislative history or analogous statutes. *Id.* (emphasis added). The idea is that ordinary individuals trying to conform their conduct to law should be able to do so by reading the *face* of a statute—not by having to appeal to outside legal materials. At the same time, the person of ordinary intelligence is also a person of common sense, with knowledge of "common understanding[s] and practices," *Jordan v. De George,* 341 U.S. 223, 232, 71 S.Ct. 703, 708, 95 L.Ed. 886 (1951) (citation omitted), which he brings fully to bear in "examining the language of the statute."

■ In this case, we do not think the person of ordinary intelligence would be the least bit surprised to learn that the pertinent statutory language—"knowingly possessing with intent to distribute twenty-eight grams or more of cocaine"—was construed to pro-

hibit the conduct for which Sabetti was convicted: knowingly possessing with intent to distribute an amount of cocaine that one might reasonably foresee would amount to at least 28 grams but which the defendant did not *actually* know weighed that much. We acknowledge that, if one reads the statute *in a vacuum,* one might think the word "knowingly" could as easily be construed to apply to the words "twenty-eight grams" as not. But, bringing common sense to bear, we have little doubt the average person would be skeptical of the idea of a legislature really insisting that a prosecutor prove actual knowledge of a precise amount—often an impossible task—rather than knowledge simply of a small amount (e.g., two plastic bags' worth) that could easily turn out to weigh, say, an ounce. After all, most people know that the degree of harm drugs cause in the world is related, not to *perceived* amounts of drugs, but to *actual* amounts.

Our conclusion is supported by the fact that we have searched the case law and have not found cases in which a garden-variety, textual ambiguity of the kind at issue here has risen to the level of a due process violation. *See, e.g., Stout v. Dallman,* 492 F.2d 992 (6th Cir.1974) (finding, on habeas review, no "fair notice" violation when state court construed armed robbery statute requiring defendant to be "armed with a pistol, knife, *or other dangerous weapon*" to cover defendant who smacked his victim on the head with an unidentified hard object) (emphasis added).

■ Nor is this surprising. Legislators need not, and often cannot, draft statutes with perfect precision. *See Stansberry v. Holmes,* 613 F.2d 1285, 1289 (5th Cir.) ("A provision need not ... be cast in terms that are mathematically precise....") (citations omitted), *cert. denied,* 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 112 (1980). If run-of-the-mill statutory ambiguities *were* enough to violate the Constitution, no court could ever clarify statutes through judicial interpretation, for the first person against whom the clarified version applied (and likely others as well) could argue that he was unfairly surprised and thus his due process rights were violated. Courts, of course, clarify textual ambiguities all the time.

■ We *have* found cases, to be sure, in which courts seem wary of run-of-the-mill statutory ambiguities, but these cases tend to involve statutes that criminalize conduct that the average person generally considers *innocent. See, e.g., Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (statute restricting persons from wandering the streets without identification); *United States v. Anzalone,* 766 F.2d 676 (1st Cir. 1985) (statute requiring reporting of currency transactions over $10,000). Of course, even a small degree of ambiguity, when construed to prohibit what would otherwise reasonably seem to be innocent conduct, can cause significant surprise. The instant case is quite different: no one thinks that cocaine drug dealing, even in small amounts, is innocent conduct.

We have also found some cases indicating a "fair notice" violation in a statute that criminalizes (or sets penalties for) obviously *non*-innocent conduct such as drug dealing. But, these cases tend to involve ambiguities that cannot easily be called run-of-the-mill. In *United States v. Colon–Ortiz,* 866 F.2d 6 (1st Cir.), *cert. denied,* 490 U.S. 1051, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989), for example, we faced a (federal) drug statute that said that violators "shall be sentenced to a [minimum five-year] term of imprisonment, a [limited] fine, *or both.*" 21 U.S.C. § 841(b)(1)(B) (ellipses omitted) (emphasis added) (since amended). The court interpreted the provision to mean that the only discretionary part of the sentence was the imposition of a fine; the imposition of a minimum five-year prison term was not discretionary. In doing so, however, the court recognized that such an interpretation flies directly in the face of the ordinary person's reading of the phrase "or both" and could only be justified by regarding "or both" as an "inadvertent drafting error" that should be "stricken from the statute." *Colon–Ortiz,* 866 F.2d at 10. Again, our case is quite different: as suggested above, the ambiguity at issue here—whether a word near the beginning of a sentence ("knowingly") modifies

a phrase near the end ("twenty-eight grams")—was entirely ordinary.

Finally, petitioner argues in his habeas petition that the "rule of lenity" (i.e., the rule saying that ambiguous criminal statutes should be construed favorably to defendants) requires a judgment in his favor. That rule, however, is one of statutory interpretation. We have no power to apply it to a state statute, for the Supreme Judicial Court, not this court, is the authoritative interpreter of state statutes. And, Sabetti has not pointed to anything in the federal Constitution—other than, of course, the "fair notice" guaranty, which, we have just held, is satisfied here—that would *require* a state court to apply the rule of lenity when interpreting a state statute.

For the reasons stated, the judgment of the district court is

*Affirmed.*

### APPENDIX

Massachusetts General Laws Annotated

**§ 32E. Trafficking in marihuana, cocaine, heroin, morphine, opium, etc.**

. . . .

(*b*) Any person who traffics in cocaine or any salt thereof by knowingly or intentionally manufacturing, distributing, or dispensing or possessing with intent to manufacture, distribute, or dispense or by bringing into the commonwealth a net weight of twenty-eight grams or more of cocaine or any salt thereof or a net weight of twenty-eight grams or more of any mixture containing cocaine or any salt thereof shall, if the net weight of cocaine or any salt thereof or any mixture thereof is:—

(1) Twenty-eight grams or more, but less than one hundred grams, be punished by a term of imprisonment in the state prison for not less than three nor more than fifteen years and a fine of not less than two thousand and five hundred nor more than twenty-five thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.

(2) One hundred grams or more, but less than two hundred grams, be punished by a term of imprisonment in the state prison for not less than five nor more than fifteen years and a fine of not less than five thousand nor more than fifty thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.

(3) Two hundred grams or more, be punished by a term of imprisonment in the state prison for not less than ten nor more than fifteen years and a fine of not less than twenty thousand nor more than two hundred thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.