Ramos v. State of NH                    CV-92-116-B    05/05/94

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Jesus Ramos

        v.                             Civil No. 92-116-B

State of New Hampshire


**O R D E R**


In this habeas corpus petition, Jesus Ramos challenges his convictions on two indictments alleging sales of narcotic drugs in violation of N.H. Rev. Stat. Ann. 318-B:2.  The issues remaining for decision are whether the state erred in (1) failing to require the prosecutor to disclose the identity of a confidential informant; (2) denying his motion to dismiss the first of the two indictments because the state unreasonably delayed the indictment; (3) allowing the prosecutor to impeach his credibility through the use of prior convictions; and (4) admitting one of his prior convictions as an exhibit at his trial on the first indictment.

After independently reviewing the record, I conclude that the facts summarized in the New Hampshire Supreme Court's opinion disposing of Ramos' direct appeal fairly describe the trial

record.  See State v. Ramos, 131 N.H. 276, 277-79, 553 A.2d 275, 276-278 (1988).  Thus, I turn to the merits of Ramos' claims without first describing the material facts supporting his conclusion.

## I.  Confidential Informant

The state trial judge supportably found that Ramos failed to prove that the informant witnessed the first drug transaction. Id. at 280.  Moreover, Ramos has given no indication as to what the informant would have testified to had he been identified and called as a witness.  Thus, Ramos asks me to speculate as to the value of the informant's testimony.  Such speculation is insufficient to support a request to disclose an informant's identity.  United States v. Batista-Polanco, 927 F.2d 14, 19 (1st Cir. 1991).

## II.  Pre-Indictment Delay

Ramos contends that he was denied due process because the prosecutor waited more than seven months to indict him for the first drug sale.  He argues that he was prejudiced by this delay because the police lost contact with the informant before Ramos was indicted.

The First Circuit Court of Appeals has held that

2

> Pre-indictment delay violates due process if "(1) [it] caused substantial prejudice to [the defendant's] right to a fair trial <u>and</u>, (2) the Government intentionally delayed indictment in order to gain a tactical advantage over the accused." <u>United States v. Picciandra</u>, 788 F.2d 39, 42 (1st Cir.) (citing <u>United States v. Marion</u>, 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971)) (emphasis added), <u>cert. denied</u>, 479 U.S. 847, 107 S.Ct. 166, 93 L. Ed. 2d 104 (1986). <u>See also</u> <u>United States v. Acevedo</u>, 842 F.2d 502, 504 (1st Cir. 1988). For the defendant to carry the heavy burden of proving actual prejudice from pre-indictment delay, concrete proof is required; mere speculation and bare allegations will not suffice. <u>Acha v. United States</u>, 910 F.2d 28, 32 (1st Cir. 1990).

<u>United States v. McCoy</u>, 977 F.2d 706, 711 (1st Cir. 1992). In this case, I agree with the New Hampshire Supreme Court that Ramos has not demonstrated that he was prejudiced by the pre-indictment delay. As I have already determined, Ramos had no right to learn the informant's identity. Accordingly, he could hardly have been prejudiced by the fact that the informant was not available to testify.

## III. **Prior Drug Convictions**

Ramos alleges that the state court improperly permitted the prosecutor to use his prior convictions to impeach his credibility. He also complains that the court compounded its error by admitting one of his convictions as an exhibit at his first trial.

3

To the extent that Ramos argues that the trial court violated state law when it allowed the prosecutor to use his prior convictions, I have no jurisdiction to address these claims. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Moreover, Ramos waived his right to challenge the use of the convictions on due process grounds by failing to raise this argument in his direct appeal. See Avery v. Cunningham, 131 N.H. 138, 143, 551 A.2d 952, 952-55 (1988); cf. Humphrey v. Cunningham, 133 N.H. 727, 732, 584 A.2d 763, 766 (1990) (failure to raise issue on direct appeal does not constitute waiver if petition can establish a "harmful constitutional error"). Since he alleges neither "cause" nor "prejudice" for failing to raise the claims in state court and since he does not argue that a failure to address the issue here would result in a "fundamental miscarriage of justice," Ramos cannot raise his due process argument for the first time in this court. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Engle v. Isaac, 456 U.S. 107, 135 (1982).

**IV. Conclusion**

For the reasons described in this order, Ramos' motion for judgment on the pleadings (document no. 53) is denied. The

4

state's motion for summary judgment (document no. 57) is granted and Ramos' petition for habeas corpus is dismissed.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 5, 1994

cc:  James D. Gleason, Esq.
     Janice K. Rundles, Esq.