
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>THEOS FEDRO HOLDINGS, LLC,<br>　　　　　Debtor. | BAP No. NC-22-1115-SGB<br><br>Bk. No. 21-30202 |
| MALINKA TACUMA WADE MOYE,<br>　　　　　Appellant,<br>v.<br>PENDER CAPITAL, INC.; PENDER<br>CAPITAL ASSET LENDING FUND, I,<br>LP; LABOR COMMISSIONER OF THE<br>STATE OF CALIFORNIA,<br>　　　　　Appellees. | Adv. No. 22-03001<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Dennis Montali, Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Malinka Tacuma Wade Moye appeals from an order granting the

motions to dismiss his adversary proceeding against defendants Pender

Capital, Inc., Pender Capital Asset Lending, Fund 1, LP, (jointly, "Pender

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Capital"), and the Labor Commissioner for the State of California. Moye's complaint failed to state any cognizable claim for relief. Accordingly, we AFFIRM.

## FACTS

In January 2022, Moye commenced his adversary proceeding in the chapter 11[1] bankruptcy of debtor Theos Fedro Holdings, LLC. His complaint is factually incomprehensible. It alleges that the debtor is a limited liability company with its principal place of business in San Francisco, while defendant Pender Capital is a "loan lending company" in Sacramento. Moye stated that he was a creditor "violated by defendants., with principal place of business in Sf & Sacramen, California under extortion. Assault. Attempted murder." Moye also states that "Labor Commissioner attorneys have prior record of obstructing creditor." The complaint includes numerous other statements and allegations of crimes by others dating back years.

The relationship of any of these defendants to the debtor and its bankruptcy is unclear. His caption identifies as defendants Pender Capital, Labor Commissioner for the State of California, and Craft & Layne. There are scattered references in the five-page complaint to Pender Capital but no

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

mention of it in the prayer for relief. Craft & Layne is not mentioned in the complaint except its name was handwritten onto the caption as a defendant.[2] There are roughly three references to the Labor Commissioner but no explanation of what the Labor Commissioner allegedly did to harm Moye, or how it relates to the underlying bankruptcy.

Moye alleged in his prayer for relief that the debtor "transferred & removed funds from United States of America to Greece, or permitted transfer & removal, of property of estate with the intent to delay, hinder, or defraud a creditor in violation of provisions of 11 USC 727(a)(2)(b) . . . ." Moye also references an alleged violation of § 727(a)(2)(A) in the title of his complaint and in passing within the body of the complaint. There are similar references to fraudulent transfers allegedly involving the debtor, its managing member Philip Achilles, and Pender Capital. At one point, Moye states: "2020: Pender Capital knowingly loan $3,000,000 unto Phillip [sic]Achilles who previously changed title on 819 Ellis St SF, ca 94109 ["Ellis Property"] to deter transfer unto creditor [Moye] filed claim in lower and northern district courts."

This is the closest Moye gets to stating a coherent claim for relief that might have some link to debtor or its bankruptcy. There are no additional factual allegations stated to support Moye's barebones accusations. There are only the above-referenced conclusory statements. The remainder of the

---

[2] No entity known as Craft & Layne participated in the underlying adversary proceeding. Nor was Craft & Layne named as a party to this appeal.

complaint is a mélange of seemingly unconnected complaints and grievances against a host of third parties. Many of these same matters are referenced in the litigation he has unsuccessfully pursued in the state courts and in the federal district court. *See In Re Moye*, Case No. C-14-2533 EMC (PR), 2014 WL 3750055, at *1-2 (N.D. Cal. July 28, 2014).

Both Pender Capital and the Labor Commissioner moved to dismiss the adversary proceeding with prejudice. Both pointed out the defects in the complaint described above. The Labor Commissioner further pointed out that the bankruptcy court would lack jurisdiction over many of the grievances Moye attempted to raise because they appeared wholly unconnected to debtor's bankruptcy case. Similarly, Pender Capital noted that most of the matters referenced in Moye's complaint concerned alleged criminal conduct under California law that appears to have occurred years ago with no connection to debtor's bankruptcy. Moye responded to the dismissal motions. But his response was largely incoherent. To the extent any sense can be made of it, it fails to address the critical issues raised in the motions to dismiss.

On May 24, 2022, the bankruptcy court entered an order granting the defendants' motions to dismiss for the reasons they stated. The bankruptcy court additionally observed: "Plaintiff cannot obtain relief from this court regarding criminal law matters or disputes in other state judicial or administrative proceedings. What limited relief he might be entitled to under the bankruptcy laws [does] not reach the moving parties or any

4

other named defendant." Moye timely appealed.[3]

## JURISDICTION

The bankruptcy court has jurisdiction over Moye's § 727 claim pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court commit reversible error when it dismissed Moye's complaint without leave to amend?

## STANDARD OF REVIEW

We review de novo the bankruptcy court's order granting the defendants' Civil Rule 12(b)(6) motions. *Barnes v. Belice (In re Belice)*, 461 B.R. 564, 572 (9th Cir. BAP 2011). De novo review means we give no deference to the bankruptcy court's decision. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

### A.    Civil Rule 12(b)(6) standards.

When we review an order granting a Civil Rule 12(b)(6) motion, made applicable in adversary proceedings by Rule 7012, we consider the legal sufficiency of the plaintiff's complaint. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008). This means that

---

[3] After the appeal was submitted on the briefs, Moye filed a document with two attachments from the California Department of Real Estate. This document was not part of the record before the bankruptcy court and shall not be considered on appeal. *Castro v. Terhune*, 712 F.3d 1304, 1316 n.5 (9th Cir. 2013).

we must assess whether the complaint presents a cognizable legal theory and whether it contains sufficient factual allegations to support that theory. *Id.* Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

A claim is facially plausible when it contains factual allegations that, if taken as true, would allow the court to reasonably infer that the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Additionally, we do not accept as true mere legal conclusions; they cannot by themselves establish a plausible claim for relief. *Id.*

Determining whether a claim for relief is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. If a complaint contains factual allegations "that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks omitted).

In considering the defendants' motions to dismiss, the court can take

into account matters subject to judicial notice, including the other papers filed in the adversary proceeding and the underlying bankruptcy case. *See Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

**B.    The bankruptcy court did not err in concluding that Moye failed to state a claim.**

Moye's appeal brief reads similarly to the adversary complaint he filed in the bankruptcy court; it is impossible to follow. Having reviewed his complaint and his appeal brief, we agree that the complaint fails to state any legally cognizable claims for relief. Most of the matters referenced in the complaint are alleged to have happened long ago. Many of these matters were the subject of Moye's unsuccessful litigation in the state court and in the federal district court—litigation claims he restated so often that both the state court and the federal district court declared him a vexatious litigant.

The complaint designated a single cause of action stating that "defendant's debts are not dischargeable Pursuant to 11 USC. 727(a)(b)(2) [sic]," and the "Uniform Fraudulent Transfer Act." Notably, any challenge to the debtor's discharge needed to be directed against the debtor. But Moye failed to name the debtor as a defendant. Moye cannot state a viable objection to discharge claim against the named defendants because they are not the debtor. Only the debtor in a bankruptcy case is potentially subject

to the Bankruptcy Code's discharge provisions. *See* §§ 727(a), 1141(d).[4]

Moye also references a fraudulent transfer claim against Pender Capital. The only factual reference to Pender Capital is that it loaned debtor several million dollars and received in exchange a note and security interest in the Ellis Property. This does not state a legally viable fraudulent transfer claim. In the parlance of *Iqbal*, Moye's allegations against Pender Capital are "threadbare" and "conclusory." They are not entitled to any presumption of truth even in the context of a motion to dismiss under Civil Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678. These allegations come nowhere close to permitting the bankruptcy court to infer that Moye plausibly might be entitled to any relief from Pender Capital. *Twombly*, 550 U.S. at 557.

Equally significant, it is the bankruptcy estate, not individual creditors, that have standing to pursue the debtor's fraudulent transfer claims. *Est. of Spirtos v. One San Bernardino Cnty. Super. Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006). In chapter 11 cases, it is the debtor-in-possession, or the chapter 11 trustee in this instance, that has standing to bring fraudulent transfer claims, unless other parties have been granted derivative standing to pursue such claims. *See Liberty Mut. Ins. Co.*

---

[4] Moye references § 727 in his complaint. Section 727 governs the denial of discharge in chapter 7 cases. The debtor remains in chapter 11, where discharge is governed by § 1141. The discharge of an entity such as the debtor is specifically controlled by § 1141(d)(3). *See generally* 8 Collier on Bankruptcy at 1141.05[4] (16th ed. 2022). Moye's complaint did not reference § 1141 or the requirements to deny a discharge to an entity under § 1141(d)(3).

*v. Off. Unsecured Creditors' Comm. of Spaulding Composites Co. (In re Spaulding Composites Co.)*, 207 B.R. 899, 903 (9th Cir. BAP 1997) (citing *Hansen v. Finn (In re Curry & Sorensen, Inc.)*, 57 B.R. 824, 827–29 (9th Cir. BAP 1986)). Nothing in the record, Moye's complaint, or his appeal brief indicates that Moye obtained, or is capable of obtaining, the bankruptcy court's authorization to pursue any fraudulent transfer claims on behalf of the debtor's bankruptcy estate. Thus, as a matter of law, Moye lacked standing to assert a claim for fraudulent transfer.

## C.    Denial of leave to amend.

Under Civil Rule 15, made applicable in adversary proceedings by Rule 7015, "[i]n dismissing for failure to state a claim, a [bankruptcy] court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). A bankruptcy court generally must grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). This is true even if leave to amend was not requested. *Id.* at 1127; *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Dismissal of a complaint without leave to amend is proper if amendment would be futile. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d

9

1149, 1160 (9th Cir. 1989)); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Amendment is considered futile when allegation of other facts consistent with the existing pleading could not cure the deficiency. *See Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (citing *Reddy*, 912 F.2d at 296–97); *Schreiber Distrib. Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Here, Moye never sought leave to amend, nor has he raised this issue on appeal. Arguably, he has forfeited this argument by not raising it on appeal. *See Okwu v. McKim*, 682 F.3d 841, 846 n.4 (9th Cir. 2012) ("Okwu has waived the argument that she should be allowed to amend her complaint to re-style some of her § 1983 claims . . . under the Ex Parte Young exception . . . . **She did not make that argument to the district court or in either of her briefs on appeal**." (citations omitted and emphasis added)); *quoted with approval in City of San Juan Capistrano v. Cal. Pub. Utils. Comm'n*, 937 F.3d 1278, 1282 (9th Cir. 2019).

But even if we were to consider the issue on appeal, Moye cannot allege any set of facts to support a nondischargeability claim against defendants who are not debtors in the underlying bankruptcy case. Nor can we conceive of any set of alleged facts consistent with Moye's existing complaint that would justify the bankruptcy court granting him authority to act as the estate's representative in pursuing any fraudulent transfer claims. The remainder of Moye's grievances, including those intimating at criminal conduct of others and raising prior nonbankruptcy proceedings,

have nothing to do with the debtor's bankruptcy or with claims within the jurisdiction of the bankruptcy court. We, therefore, agree with the bankruptcy court that dismissal with prejudice was warranted as granting leave to amend would have been futile.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's dismissal with prejudice of Moye's adversary proceeding.